UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-516-H

DALE STEWART, et al.                                                           PLAINTIFF(S)

V.

PRISON HEALTH SERVICES, INC., et al.                              DEFENDANT(S)

**MEMORANDUM OPINION**

Plaintiffs initially filed this lawsuit in Jefferson Circuit Court alleging a federal claims under 42 U.S.C. § 1983 as well as various claims under a state law[1]. There are six plaintiffs. Four of them, Dale Stewart, Don Johnson, William Frey, and Fred Scheckles, were prisoners at the Louisville Metro Correctional Facility. Two others, Alexis Frey, Stephanie Lewis and Michael Frey were not inmates. These latter two along with William Frey are collectively referred to as the "Fry Plaintiffs". The claims all arise from the inmates' medical treatment which some of them contend caused their infection with Methicillin-Resistant Staphylococcus Aureus ("MRSA"). The Defendants are Prison Health Services, Inc. ("PHS"), Correctional Medical Services, Inc. ("CMS"), Tom Campbell and Louisville Metro Government.

Various Plaintiffs' claims were resolved during initial proceedings. Plaintiffs, Dale Stewart and Don Johnson, have stipulated to dismissal of their claims against CMS. Plaintiffs, William Frey, Jr., Alexis Frey, and Stephanie Lewis, have stipulated to dismissal of their claims

---

[1] An Amended Complaint and an Intervening Complaint resulted in the final composition of parties in the case.

against PHS.

Defendants removed to federal court under 28 U.S.C. § 1331, § 144(b). The federal claims created original jurisdiction under § 1331. The Court had supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. Over a year later, Defendants have moved for summary judgment on all the claims.

I.

Several aspects of these motions are easily resolved. Defendants CMS, Louisville Metro and Campbell contend that the statute of limitations bars William Fry, Jr.'s § 1983 claims.

The status of limitations for claims arising under 42 U.S.C. § 1983 in Kentucky is one year. *Collard v. Kentucky Bd of Nursing,* 896 F2d 179, 182 (6th Cir. 1990). The claims occur when the plaintiff knew or should have known of the injury that forms the underlying basis for the claim. *Collyer v. Darling,* 98 F3d 211, 220 (6th Cir. 1996). Plaintiffs' contend that a five year limitation applies. The Court concludes otherwise. While Kentucky law may provide for a five year limitations for violations of certain state statutes, statutory violations are not the graveman of Plaintiffs' federal complaint. The federal complaint is grounded upon acts of deliberate indifference to serious medical conditions. Whether those acts also violate state law is immaterial to the federal cause of action. . Plaintiff Frey was admitted to Metro corrections on June 23, 2004. He became aware that he had contracted MRSA on March 2, 2004. He filed the current action in October 2006. Thus, the applicable one year statue of limitations bars his claim.

CMS, Metro Louisville and Campbell also contend that none of the other so-called Frey

-2-

Plaintiffs have properly asserted § 1983 claims. These Plaintiffs do not make derivative claims, but rather claims that Defendants violated their federal rights because Fry later infected them. Of course, none of the Frey Plaintiffs had any direct contact with Defendants. They were never held in custody. Consequently, the Defendants under took no special or legal duty to these Plaintiffs. See *DeShaney v. Winnebago County Dept. Of Social Services*, 489 U.S. 189 (1989). From this analysis one can also conclude that the Kentucky law of proximate cause is unlikely to make defendants responsible for intentional acts of another causing injury to unknown persons. See *Fryman v. Harrison,* 896 SW 2nd 918 (Ky 1995); *Comm. Corr. Cabinet v. Vester*, 956 SW 2nd 204 (Ky 1997).

Finally, the Court can also easily conclude that all of Frey Plaintiffs' claims, both federal and state, against Tom Campbell because he did not become acting director of Metro Corrections until after Fry had been released from the facility. Fry was released on June 23, 2004; Campbell became action director on January 1, 2005.

II.

Defendants, Metro Government and Tom Campbell have moved to dismiss all of the Plaintiffs' state claw claims as barred by the doctrine of sovereign immunity. Plaintiffs argue that the legislature has waived the immunity as to corrections facilities in metropolitan governments.

The concept of sovereign immunity developed under the English common law and American courts, including Kentucky's, have embraced it. The doctrine precludes the maintaining of any suit against the state. *Yanero v. Davis,* 65 SW 3d 510,517 (Ky 2001). The sovereign immunity of a state extends to it political subdivisions. Id at 526. The Louisville

Metro Government is such a political subdivisions.  Ky Rev. State Ann. 67 C. 101 (2) ( c ) ("a consolidated local government shall be accorded the same sovereign immunity granted counties, their agencies, officers and employees").  Consequently, unless the legislature has somehow waived sovereign immunity as to correctional facilities, the doctrine bars these state law claims.

Plaintiffs argue that KRS 67B. 030 (2) provides that Louisville Metro has the same liabilities as the former County Jailer and that this amounts to a waiver of sovereign immunity.  The Court concludes that this is a misreading of the statue as a whole.  KRS 67C. 101 specifically preserves sovereign immunity for consolidated governments.  Louisville Metro is such a government and the Corrections operations is one of its departments.  No Court has ever suggested that Louisville Metro, along with its departments and agencies, are not entitled to the traditional immunity of state government.  The language of 67B.030, which consolidates the former office of county jailer within the correctional operations of a metropolitan government, does not contain any of the required express language to waive immunity.  Indeed, the Court finds that a reading of Chapter 67 demonstrates that the legislature had no intention of waiving the traditional sovereign immunity as to the newly created form of metropolitan government.

### III.

The following federal claims appear to remain: the claims of Stewart, Johnson and Scheckles against PHS, Metro Louisville and Tom Campbell; and Scheckles additional claim against CMS.  The following state law claims appear to remain:   the claims of Stewart, Frey, Johnson and Scheckles against PHS; and the claims of Frey, Scheckles, Alexis Frey and

Stephanie Lewis against CMS. The Court will set a telephone conference in the near future to discuss the remaining claims and a trial schedule.

  The Court will enter an order consistent with this Memorandum Opinion.

Date: January 25, 2008

cc: Counsel of Record