UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06-CV-516-H

DONALD E. JOHNSON                                                                                    PLAINTIFF

V.

PRISON HEALTH SERVICES, INC.,                                                              DEFENDANTS
LOUISVILLE METRO GOVERNMENT
AND TOM CAMPBELL

**MEMORANDUM OPINION AND ORDER**

Originally, this action was brought by multiple plaintiffs regarding the care they received while in the custody of Louisville Metro Government Corrections. Specifically, Plaintiffs alleged that they contracted methicillin-resistant staphylococcus aureus ("MRSA") as a result of inadequate care provided by Defendants. A series of dismissals have narrowed the case to only one plaintiff, Donald Johnson, and three defendants, Prison Health Services, Inc. ("PHS"), Louisville Metro Government ("LMG") and Tom Campbell, who is the director of Metro Corrections. At this time, Defendants have moved to dismiss portions of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). The Court will address each of these claims in turn.

I.

Defendants first move to dismiss any "John and Jane Doe" defendants from the case because the applicable statute of limitations bars such claims. When originally filed, Plaintiff brought allegations against multiple "John and Jane Does" for their role in the allegedly inadequate care. However, on September 23, 2008, the Court enterer the parties' agreed statement of remaining claims (DN # 79). That statement listed claims against only PHS, LMG,

1

and Campbell.  Under that statement, it appears that Plaintiff does not wish to pursue claims against "John and Jane Does."  Moreover, Plaintiff does not contest that any claims against "John and Jane Doe" defendants are barred.  Thus, for clarity of the record, the Court will dismiss all such claims.

Defendants also move to dismiss all claims for punitive damages against LMG under *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).  Plaintiff concedes that *City of Newport* bars his claim for punitive damages against LMG.  Thus, those claims will be dismissed.

## II.

PHS next moves to dismiss Count V of the complaint, which alleges violations of KRS 71.040 against PHS only.  KRS 71.040 provides,

> At the time of booking, the jailer shall receive and keep in the jail all persons who are lawfully committed thereto, until they are lawfully discharged, unless the person is in need of emergency medical attention, in which case the arresting officer shall obtain medical attention for the person prior to delivery to the jail.  The jailer shall treat them humanely and furnish them with proper food and lodging during their confinement.  He shall deliver those who die in jail to their friends, if requested, or have them decently buried at the expense of the county.

The plain language of the statute indicates that it only applies to the "jailer."  Pursuant to KRS 67B.030(2), when a county and city government merge, the duties of jailer may be vested in a metropolitan correctional services department.  In this case, the city of Louisville and Jefferson County have merged and created such a department.  However, PHS is not a representative of the department.  Rather, PHS is a private contractor that provides medical care at the request of the department.  Thus, the statute, on its face, does not apply to PHS and cannot be the basis of a cause of action against PHS.

The Court has considered this statute on a prior occasion under similar facts.  In

*Bruederle v. Louisville Metro Government, et al.*, No. 3:05-CV-818-S, 2007 WL 2462630 (W.D. Ky. Aug. 27, 2007), this Court dismissed the plaintiff's claims against Louisville Metro Corrections employees for violations of KRS 71.040.  After discussing how KRS 71.040 applied to Louisville Metro Corrections as a department, the Court held that "a plain reading of § 67B.030(2) fails to indicate that those duties also extend to Louisville Metro Corrections employees.  As such, Bruederle has no claim against Defendants for violation of § 71.040." *Id.* at *4.  Likewise, KRS 71.040 does not apply to PHS.

### III.

Finally, PHS moves to dismiss Count II of the complaint, which alleges violations of 501 KAR Chapter 3 against PHS only.  501 KAR Chapter 3 constitutes the Kentucky administrative regulations concerning the minimum standards for jails.  PHS argues that these regulations apply only against the "jailer," much like KRS 71.040, and, therefore, Plaintiff cannot maintain his claim against PHS, a non-jailer.  However, 501 KAR 3:090 specifically provides that "[t]he medical staff shall not be restricted by the jailer in the performance of their duties except to adhere to the jail's security requirements."  Moreover, nothing in the regulations indicate that they apply solely to the jailer.  Therefore, dismissal on the grounds argued by PHS is inappropriate.

Notwithstanding this conclusion, the viability of a claim for violations of 501 KAR Chapter 3 is questionable under any circumstances.  In a fairly recent case, the Kentucky Supreme Court acknowledged that there is some confusion regarding whether the violation of an administrative regulation can create a private cause of action. *Hargis v. Baize*, 168 S.W.3d 36 (Ky. 2005).  Although the court indicated that it would not rule on that precise issue, the court

3

did state,

> We agree that KOSHA [the regulation in issue], itself, does not create a private right of action for a violation of one of its provisions. However, a violation of KOSHA is actionable by a person for whose benefit it was enacted if the right of action arises from a source created separately from and independently of KOSHA.

*Id.* at 45. In *Hargis*, the Court found that a private cause of action existed because the statute enabling KOSHA specifically provided that a violation of KOSHA was a violation of the statute. As a statute can create a private cause of action, the Court found that the plaintiff's claims based on violations of KOSHA could proceed. *Id.* Here, the Court cannot identify any separate and independent source of law that creates a cause of action for violation of 501 KAR Chapter 3. The Court confidently predicts that Kentucky courts would not create a separate and independent cause of action from general administrative regulations related to the operations of prisons.

### IV.

At this time, the following claims remain:

(1) Donald Johnson's federal law claims against PHS, LMG and Tom Campbell.

(2) Donald Johnson's claim against PHS for negligent or intentional infliction of emotional distress.

(3) Donald Johnson's claim against PHS for negligence, gross negligence, and violations of applicable professional standards.

(4) Damages:
    (a) Against LMG: actual and consequential damages only.
    (b) Against PHS: actual, consequential and punitive damages.
    (c) Against Tom Campbell: actual, consequential and punitive damages.

If the parties believe that this statement of the remaining claims is incorrect, please notify the Court.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is SUSTAINED IN PART; all claims against "John and Jane Doe" defendants are DISMISSED WITH PREJUDICE; all claims for punitive damages against LMG are DISMISSED WITH PREJUDICE; Count II of the complaint alleging violations of 501 KAR Chapter 3 against PHS is DISMISSED WITH PREJUDICE; and Count V of the complaint alleging violations of KRS 71.040 against PHS is DISMISSED WITH PREJUDICE.  The other claims listed above remain.

This is not a final order.

cc: Counsel of Record